

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# Hannahoe v. Dana Corp

Precedential or Non-Precedential:

Docket 1-1961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Hannahoe v. Dana Corp" (2002). *2002 Decisions.* Paper 73.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/73

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01–1961



JEFFREY A. HANNAHOE; EDWARD R. HANNAHOE, JR., ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

Appellants

v.

DANA CORPORATION; RODNEY RIGHTMYER; MICHAEL DANOWSKI; JOHN
A. KACZOR; DON LEWIS; JACK GLAZER; CHARLES HARTMAN; KENNETH
R. CARL; EDWARD OSENBACH; JOHN WRIGHT; HARRY WHITED; HAROLD
YERGER; EVERGREEN SYSTEMS, INC; BENARD "NICK" COLE;
P. MICHAEL GREENE; DAVID "BRUCE" BUTCHER; SOUTHWOOD MORCOTT;
EASTERN METALS, INC.; GARY MATZ; LARRY L. GOLDBERG;
ROBERT H. NASPINSKY; JOHN DOES 1–27



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No.00–CV–5193)
District Court Judge: Eduardo C. Robreno



Submitted Under Third Circuit LAR 34.1(a)
January 14, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District
Judge.

(Opinion Filed: January 31, 2002 )




MEMORANDUM OPINION OF THE COURT

PER CURIAM:

The facts and procedural background of this case are familiar to the parties. We hold that the District Court properly granted defendants' motion to dismiss plaintiffs' civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See 18 U.S.C.    1962, 1964.  The court below was correct in ruling that the plaintiffs lacked standing.

This Court has held previously that "the Supreme Court has acknowledged that a private plaintiff might validly plead (and even prove) that a defendant has committed [a RICO] violation, but still lack standing ... if his own injury is too remotely connected to it."  Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 921 (3d Cir. 1999) (citing Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992)); see also Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 443 (3d Cir. 2000).

The decision of the District Court will be AFFIRMED.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                                        Circuit Judge